People v Slattery (2021 NY Slip Op 00741)





People v Slattery


2021 NY Slip Op 00741


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, TROUTMAN, AND DEJOSEPH, JJ.


1040 KA 18-02431

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
COREY SLATTERY, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered April 26, 2018. The judgment convicted defendant upon his plea of guilty of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of murder in the second degree (Penal Law § 125.25 [1]), defendant contends and the People correctly concede that his waiver of the right to appeal is invalid because County Court's oral colloquy conflated the right to appeal with those rights automatically forfeited by the guilty plea (see People v Thomas, 34 NY3d 545, 561-563 [2019], — US &mdash, 140 S Ct 2634 [2020]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Corron, 180 AD3d 1330, 1331 [4th Dept 2020], lv denied 35 NY3d 1026 [2020]).
Defendant's further contention that the court erred in failing to remedy errors or omissions in the presentence report or to conduct a hearing with respect thereto is not preserved for our review (see CPL 470.05 [2]). Although defense counsel brought the alleged deficiencies to the court's attention, "he failed to request any corrective action" (People v Richardson, 142 AD3d 1318, 1319 [4th Dept 2016], lv denied 28 NY3d 1150 [2017]), or to seek a hearing (see People v Russell, 133 AD3d 1199, 1200 [4th Dept 2015], lv denied 26 NY3d 1149 [2016]). We decline to exercise our power to address the contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). Finally, the agreed-upon sentence is not unduly harsh or severe.
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court