People v Johnson
2026 NY Slip Op 03564
June 5, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WINSTON JOHNSON, ALSO KNOWN AS WINSTON MCBEAN JOHNSON, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
314 KA 22-01805
Present: Lindley, J.P., Bannister, Montour, Greenwood, And Hannah, JJ.

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF COUNSEL), FOR DEFENDANT-APPELLANT.
BRIAN P. GREEN, DISTRICT ATTORNEY, ROCHESTER (AERON SCHWALLIE OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered April 18, 2022. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.
[*1]
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed and Supreme Court, Monroe County, is directed to redact all copies of defendant's presentence report in accordance with the following memorandum: Defendant appeals from a judgment convicting him, upon a plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We reject defendant's contention that the sentence is unduly harsh and severe. Based on our review of the record, we perceive no basis to exercise our power to modify the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]).
Defendant further contends that, inasmuch as it is undisputed that he is not a second felony offender, Supreme Court should have issued a directive that all such inaccurate information contained in his presentence report (PSR) be redacted from all copies thereof. Initially, we conclude that defendant failed to preserve that contention for our review (see CPL 470.05 [2]; People v Slattery, 191 AD3d 1361, 1362 [4th Dept 2021], lv denied 36 NY3d 1123 [2021]; People v Richardson, 142 AD3d 1318, 1319 [4th Dept 2016], lv denied 28 NY3d 1150 [2017]). Defense counsel stated during the sentencing proceeding that he had no objection to the content of the PSR and, although the court confirmed with the parties that defendant was not a second felony offender and indicated that it had crossed off a reference thereto on a single page of its own copy of the PSR, defense counsel did not move to strike the erroneous information or request any further corrective action (see Slattery, 191 AD3d at 1362; Richardson, 142 AD3d at 1319). Under the circumstances of this case, however, we exercise our power to address defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]; cf. Slattery, 191 AD3d at 1362).
"A failure 'to redact erroneous information from the PS[R] create[s] an unjustifiable risk of future adverse effects to [a] defendant in other contexts, including appearances before the Board of Parole or other agencies' " (People v Washington, 170 AD3d 1608, 1609 [4th Dept 2019], lv denied 33 NY3d 1036 [2019]). " 'An inaccurate PS[R] could keep a defendant incarcerated for a longer duration of time, affect future determinations of [their] legal status in court, as well as affect other rights regulated by the state. These risks are enough to justify redaction' " (id. at 1609-1610). Inasmuch as it is undisputed that defendant is not a second felony offender, we direct the court to redact from all copies of defendant's PSR the phrase on page 4 of the PSR stating that defendant pleaded guilty to a prior count of criminal possession of a weapon in the second degree "[a]s an adult"; the corresponding notation in the legal history attached to the PSR that the aforementioned prior conviction was part of defendant's "Adult History"; the sentence on page 4 of the PSR stating that "[t]he present offense makes the [*2]defendant a second felony offender"; and the phrase on page 8 of the PSR stating that "[t]he defendant is a second felony offender" (see People v Wilmet, 239 AD3d 1436, 1438-1439 [4th Dept 2025], lv denied 44 NY3d 985 [2025]).
Entered: June 5, 2026
Ann Dillon Flynn
Clerk of the Court